IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 7:13cr00038-2 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| DOMINIQUE MAURICE JONES, ) | Chief United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION

Dominique Maurice Jones,[1] a federal inmate proceeding pro se, filed a motion he has titled as a motion for reconsideration or to reopen the court's order denying his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. ECF No. 767. Dominique asserts that he is seeking relief pursuant to Federal Rules of Civil Procedure 60(b)(1), (2), and (6). Upon review of the record, however, the court concludes that his motion is a mixed motion in that part of it is more properly construed as a § 2255 motion and is subject to dismissal as an unauthorized, successive motion.[2] The other part of his motion is a proper Rule 60(b) motion, but his arguments for reconsideration fail on their merits. Thus, the court will deny in part and dismiss without prejudice in part Dominique's motion.

I.     DISCUSSION

**A. Rule 60(b) Proceedings**

Because of the bar on successive § 2255 motions, see 28 U.S.C. § 2255(h), a motion

---

[1] Throughout this opinion, the court refers to defendant by his first name to distinguish him from his brother and co-defendant, Oshay Terrell Jones.

[2] Dominique also has filed a separate motion seeking a sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines. ECF No. 769. That motion will be addressed by separate order.

under Federal Rule of Civil Procedure 60(b) in a § 2255 proceeding must be carefully evaluated to determine the precise challenges it raises. As the Fourth Circuit has explained:

> [A] Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. Gonzalez [v. Crosby, 545 U.S. 524, 531–32 (2005).] A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement. Id.

United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015); see also Richardson v. Thomas, 930 F.3d 587, 597 (4th Cir. 2019) (stating same principles).

Dominique's motion asserts that the court failed to address one of the claims he says he raised in his § 2255 proceedings. To the extent that his argument is that the court failed to address a claim he had raised, such an argument is properly characterized as alleging "a defect in the integrity of the federal habeas proceedings," and it is a true Rule 60(b) motion. Thus, no prefiling authorization is needed for that portion of his motion. Id. However, as the court discusses in more detail in the next section, the court did not, in fact, fail to address the claims he actually raised. Instead, the claim that he now raises is a new one, not previously raised in his § 2255 proceedings. As such, it is a new claim that is barred as second or successive. Because Dominique has not submitted any evidence of having obtained authorization from the Fourth Circuit to file a second or successive § 2255

motion,³ see § 2255(h), his new claim must be dismissed without prejudice as a successive § 2255 motion.

Accordingly, his petition is a mixed Rule 60(b)/successive § 2255 motion. United States v. McRae, 793 F.3d 392 (4th Cir. 2015). In response to such petitions, courts generally afford the petitioner the opportunity to "elect between deleting the improper claims or having the entire motion treated as a successive application." Id. at 400 (citation omitted). Here, however, it is necessary to address the Rule 60(b) request for relief to even determine whether Dominique is raising a new, successive claim. In this case, then, ordering Dominique to elect between these alternatives would be futile. Put differently, even if he chose to abandon his successive § 2255 claims, his Rule 60(b) motion would be denied because no error occurred in the § 2255 proceedings. Thus, the court will address his Rule 60(b) claim without requiring him to choose between it and his successive § 2255 claims. Guy v. United States, No. 316CR303RJCDCK1, 2018 WL 4603154, at *3 (W.D.N.C. Sept. 25, 2018) (taking same approach and relying on United States v. Walton, 587 F. App'x 83 (4th Cir. 2014)).

### B. Challenges to Drug Amounts

To properly analyze the claims Dominque raises in his motion, it is important to distinguish between different types of challenges to the drug weights attributed to

---

³ The court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit that the claims in the motion meet certain criteria. Specifically,
> a second or successive motion must be certified as provided in section 2255 by a panel of the appropriate court of appeals to contain –
> (1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

3

Dominique at sentencing. In his initial § 2255 proceeding, Dominique alleged that his counsel had been ineffective for failing to object at sentencing to the drug weights attributable to him. The court addressed—and rejected—his claims.

Specifically, the court noted that defense counsel "vigorously opposed the drug weight calculation" in the PSR and raised several challenges to it. Mem. Op. at 20, ECF No. 576. First, counsel argued that the only relevant and reliable evidence of his conduct suggested that he should be held accountable for no more than 169 grams of crack cocaine. She also argued that he was not implicated in the conspiracy from its beginning, but only later, which should reduce the amount of drugs for which he was held responsible. She also argued that the PSR had "double count[ed]" drug weight because money received for drugs was converted into drug weights, but the drugs sold were also included in the calculation. Id.

The drug weight issue which Dominique now contends his counsel was ineffective for failing to raise and failing to "investigate"—and which he claims that the court failed to address—is what was referred to in his co-defendant's § 2255 proceedings as the "Snead Drug Weight Claim." See generally ECF No. 684 (April 9, 2020 Mem. Op. discussing claim). As explained by the court in that opinion, a trial witness, Brandon Snead, testified at trial that he had purchased crack cocaine from Oshay Jones between January and August 2012. Snead estimated that the cumulative total of all his purchases was about an ounce of crack cocaine. The Presentence Report, however, erroneously stated that Snead had "estimated he bought one ounce per week for eight months." This "gross overstatement of drug quantity . . . appears to have factored into the total quantity of 1,442.2 grams of crack

cocaine" later calculated in the PSR.  Id. at 35.  Moreover, the sentencing court relied on that amount in setting the base guideline offense for both Oshay and Dominique.  Id. at 3 & n.5.

When Oshay raised this issue in asking for Rule 60(b) relief from the court's prior denial of his § 2255 motion, the court concluded that it had authority under Rule 60(b) to address the Snead Drug Weight Claim because Oshay had raised it in his initial § 2255 proceeding, and the court had neglected to rule upon in the first instance.  Id. at 31, 34. Ultimately, the court found that counsel was ineffective for failing to raise this objection at sentencing, so the court granted Oshay's motion for reconsideration as to this issue, granted him § 2255 relief on this claim, and resentenced him.  Oshay's sentence was reduced from a term of imprisonment of 280 months to a term of 168 months.

Dominique, however, stands on different footing.  Oshay's pro se § 2255 motion included detail about Snead's trial testimony and the discrepancy between his testimony and the reported drug amounts based on it in the PSR.  ECF No. 448, at 17–18.  Dominique's did not.

For support that he, too, raised this issue, Dominique points to two documents in his underlying § 2255 proceedings.[4]  First, he points to the conclusion in his response to the government's motion to dismiss his § 2255 motion, in which he stated: "Jones would also point to the court's direct attention, in conclusion, that Ms. Friedman has further prejudiced him by failing to object to an inaccurate drug quantity amount recommended by the Presentencing writer—that 1.4 kilograms was 'seized' in the so-called Jones conspiracy" and

---

[4] After Dominique filed his original and amended motion to vacate and the government responded, the court appointed habeas counsel, who filed a consolidated amended § 2255 motion.  As a result, Dominique's earlier pro se filings were dismissed.  Even considering all of the § 2255 filings, including Dominique's earlier pro se filings, the miscalculation or mischaracterization of Snead's testimony in the PSR was not squarely presented.

referred to his attached declaration at paragraphs 10 to 13. ECF No. 518 at 24. That document also states that "this failure has too, stemmed from Friedman's failure to investigate." Id.

Second, he points to the declaration referenced in, and attached to, his response, at paragraphs 10-13, ECF No. 518-1 at 2. In their entirety, those four paragraphs state as follows:

> 10. I, Dominique Jones during presentencing, unequivocally advised Ms. Friedman that I was incarcerated in Juvenile center in November, 2007, and that I should not be guilty or sentenced for drug amounts consistent of more than 840 grams and especially not a 1.4 kilogram drug weight as recommended in the PSR:
>
> 11. Ms. Friedman never objected to this mistake in the PSR (after trial the jury found [m]e guilty of 28 grams);
>
> 12. The district court clearly said that it was sentencing [m]e and others, on the 1.4 kilograms that were actually seized . . .
>
> 13. Ms. Melissa W. Friedman failed to object to this mistake during the "critical stage" of sentencing in [m]y case.

ECF No. 518-3, at 2 (internal citations to sentencing transcript omitted).

This did not squarely put the Snead Drug Weight Claim in issue. These portions of Dominique's filings did not refer explicitly to Snead at any point, nor direct the court to the alleged error. They said, in general terms, that the sentencing court's determination that 1.4 kilograms was seized was a mistake, but he appeared to base that argument on the fact that he was found guilty by the jury of a conspiracy involving only 28 grams. Moreover, any assertion that he raised the Snead Drug Weight claim in his original § 2255 proceedings is severely undercut by the statement in his pending motion to reconsider that, at the time of his original filings, Jones "did not know or present to the 2255 court that there was an

6

overstated amount of crack cocaine, that the presentence report stated was purchased by Brandon Snead from Oshay Jones (co-defendant)." ECF NO. 767 at 17.

Given this admission, plus the general nature of the challenges raised in his § 2255 proceedings, Dominique's Snead Drug Weight Claim is not one that was raised and that the court failed to address or "overlooked," as he asserts. Instead, it is in fact a new claim, not one previously raised in his § 2255 proceedings. Because it raises a new claim, it is part of an unauthorized second or successive § 2255 motion, which he has not obtained authorization from the Fourth Circuit to file. It cannot be addressed as part of a Rule 60(b) motion.

For the same reasons, no relief is available to him under Rule 60(b), because he has not shown that any error occurred, nor has he shown that he is entitled to relief under Rule 60(b)(6), which requires a showing of "extraordinary circumstances." Gonzalez, 545 U.S. at 536. "When making a motion under Rule 60(b), the party moving for relief 'must clearly establish the grounds therefor to the satisfaction of the district court,' and such grounds 'must be clearly substantiated by adequate proof.'" In re Burnley, 988 F.2d 1, 3 (1992) (internal citations omitted). Here, that standard is not met. He has not shown that the court failed to consider any argument he squarely raised in his initial § 2255 proceedings, nor has he shown that the court erred in its characterization of his claims. Accordingly, he is not entitled to relief under Rule 60(b) and any request for such relief will be denied.[5]

---

[5] Dominique also claims that his court-appointed counsel during the § 2255 proceedings was constitutionally ineffective because he failed to raise the issue in his § 2255 proceedings. To the extent that this claim is not second or successive because it could not have been raised in his initial § 2255 proceedings, it nonetheless does not entitle him to relief. Because there is no constitutional right to counsel in § 2255 proceedings, no ineffective assistance claim can be based on § 2255 counsel's errors. United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992).

7

## II. CONCLUSION

For the foregoing reasons, the court concludes that the Snead Drug Weight Issue was not raised by Dominique in his initial § 2255 proceedings and the court, therefore, did not fail to consider it. Instead, it is a new claim that he has not obtained authorization to file. As such, it must be dismissed without prejudice. An appropriate order will be entered.

Entered: June 21, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.06.21 15:01:44
-04'00'

Michael F. Urbanski
Chief United States District Judge