CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

05/13/2025

LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

United States District Court
Western District of Virginia
Roanoke Division

United States of America,

     Plaintiff-Respondent,

v.

                                  Case No. 7:13-cr-00038

Dominique Maurice Jones,

     Defendant-Movant.

---

**Reply to United States' Response to 18 U.S.C. 3582(c)(1)(A) Motion**

---

Defendant Dominique Jones ("Jones"), by and through the undersigned counsel, respectfully submits this Reply to the United States' Response to Mr. Jones' 18 U.S.C. § 3582(c)(1)(A) Motion. In support thereof, Jones offers the following:

## I.    Introduction

On March 24, 2025, Jones filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A). Docket Entry ("DE") 826. Jones's motion raised the argument to seek relief regarding Jones's improper sentence due to an incorrect drug weight and the fact that Jones has engaged in rehabilitation while incarcerated.  Docket Entry ("DE") 826 at 14-15.

On April 8, 2025, the Government filed its Response in opposition to Jones's 3582(c)(1)(A) motion. DE 828. The Government states that Jones is ineligible for

relief by arguing that the motion is a repackaged habeas claim and has had multiple disciplinary violations while in custody. *Id.*

## II. Reply Argument

1.*Jones' § 3582 claim is appropriate.*

The Government argues that the Motion for Reduction of Sentence Under 18 USC 3582(c)(1)(A) was used as a replacement for a 28 U.S.C. § 2255 motion. Jones had engaged in the appellate process and was denied relief on his claims in the Fourth Circuit. Jones then filed under 28 U.S.C §. 2255 and was denied relief under this motion due to Jones not previously raising the "Snead Drug Weight Claim." Jones does not seek to relitigate this claim. However, it is worth noting that a wrong has been committed. The Court agreed that error existed. DE 792 at 10 ("the error is substantive, which if clear may be corrected under Rule 35(a), but is subject to the 14-day limit contained in that rule.")

The Court in *Ferguson* noted that Ferguson's § 3582 claims, such as they were, included improper sentencing "because the indictment did not allege that he possessed a silencer[]" and several ineffective assistance of counsel claims. *United States v. Ferguson*, 55 F.4th 262, 266 (4th Cir. 2022). There is no doubt that ineffective assistance of counsel is outside the scope of § 3582(c)(1)(A), both pre- and post-2023 amendments. But the 2023 amendments also brought about the ability of the Court to consider § 3582 relief a wide variety of non-ineffective assistance of counsel remedies, especially through U.S.S.G. § 1B1.13(b)(5). District Courts have

considered and granted § 3582 relief for claims under 1B1.13(b)(5). *See United States v. Movahhed*, No. 2:19-CR-93-TC-BCW, 2024 WL 496061, at *4 (D. Utah Feb. 8, 2024)(*pro se* inmate-filed § 3582 motion pre-2023 amendments given some consideration under 1B1.13(b)(5))("The court finds that, when taken together, Mr. Movahhed's health, the needs of his family, and the expectations of all parties at sentencing concerning the length of Mr. Movahhed's sentence, rise to the level of extraordinary and compelling reasons to reduce his sentence."). Jones submits that using the guidelines to remedy the disparity between his sentence and Oshay Jones would "embody the § 3553(a) considerations, both in principle and in practice. *Rita v. United States*, 551 U.S. 338, 350, (2007).

Oshay Jones, one of Jones's co-defendants filed a motion to receive relief under Federal Rule of Civil Procedure 60(b). This motion was granted and Oshay Jones's sentence was reduced to 168 months based on the Snead Drug Weight claim after Oshay's attorney failed to protest against the inadequacy of Brandon Snead's drug-weight calculation. During the resentencing, the court lowered Oshay's Offense Level to a 36, however his Criminal History Category was increased to II to correct an error at his original sentencing. The Sentencing Guidelines stated that his new range dropped to 210 to 262 months. However, Oshay's resentencing followed the original sentence, and he was sentenced below the sentencing guidelines and was sentenced to 168 months. *See* DE 826 at 3, *see also* DE 792 at 2.  Oshay Jones has also received an Executive Grant of Clemency from President Biden on January 21, 2025 and has been released from BOP custody. *See* Office of the Pardon Attorney, January 17, 2025

Commutation Recipients, *available at* https://www.justice.gov/pardon/january-17-2025-commutation-recipients (last accessed May 7, 2025).

| Oshay Jones | Western District of Virginia Western District of Oklahoma | June 23, 2014 | 15 Years, 6 Months | 21:846 & 21:841(B)(1)(B) CONSPIRACY TO DISTRIBUTE MORE THAN 28 GRAMS OF COCAINE BASE  18:1791(A)(2),18:1791(B) (3)POSSESSION OF A PROHIBITED OBJECT; 21:841(A)(1),21:841(B)(1)(E)POSSESSION OF BUPRENORPHINE | April 17, 2025 | Warrant 3 |
|---|---|---|---|---|---|---|

Next, the Government argues that Jones was sentenced well below his Guideline range at 280 months. According to Jones's PSR, Jones had a criminal history category of V, a drug-weight base offense level of 34, and a total offense level of 41. According to the sentencing guidelines, Jones's sentencing range was 360 months to Life Imprisonment. The court sentenced Jones to a sentence below the guidelines, at 280 months, followed by six years of supervised release. Out of the five codefendants, Jones's brother, Oshay was the only other that had the same sentence. However all three other co-defendants listed in Jones's case were sentenced to 120 months or less in custody, with one only having four years of probation.

2.    *A reduction in Jones' Sentence would serve the § 3553(a) factors.*

As indicated, Jones was sentenced incorrectly and has served nearly half of his 280-month sentence, nearly eleven years. The miscalculation and overstatement was relied upon by the court in determining Jones's base guideline offense level, and was never corrected for Jones. With his brother being sentenced with the same offense level and then reducing his sentence, there is a disparity between the two defendants. Both defendants were convicted of the crime, and yet there is a sentencing difference of 112 months between the two co-defendants. Jones is the last of the co-defendants to remain in custody and has half of his sentence remaining. Jones is still continuing

to serve his sentence due to "not squarely presenting" a mistake. The weight of the physical evidence was disputed, and his sentence was based on the erroneously calculated rate of the controlled substance. This disparity between Dominique Jones and Oshay Jones is one that is contrary to the goals of sentencing as stated in § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").Furthermore, this was Jones's first offense, which did not include a crime of violence or involve a minor person.

While Jones has been in custody, he has been working on rehabilitation. Rehabilitation cannot be a stand alone argument for a compassionate release motion, however, it may be considered in combination with other "extraordinary and compelling circumstances." *See* U.S.S.G. § 1B1.13(d).  Jones has acknowledged his mistakes and has taken multiple courses in order to better his future life. Jones is FSA eligible and is working towards completing the necessary classes. Jones has served over a decade behind bars, almost a third of his life, and is working towards bettering himself for the opportunity and second chance to make things right. Even though Jones may have a disciplinary history while incarcerated, Jones admits guilt to these infractions every time he has made a statement except once when given the opportunity.

Jones has a release plan and a strong support system, where he has a job offer and will seek substance abuse treatment, and to relocate to his sister's residence, located in a different area than where he was involved in the drug trade. Jones desires

to make himself into a model citizen, not only for himself, but for his family and community. Jones has a strong desire to be a strong father for his children and to make up the time he has lost while incarcerated. Jones seeks to use this experience to help educate youths and children the dangers of the drug trade to help others avoid making the same decisions he did when he was younger.

The Government argues that Jones does not qualify under 3553 factors for early release due to the disciplinary record and that the BOP still classifies Jones as a "high" security inmate with a "high" risk of recidivism. However, Jones has the support of those on the outside, should he be released. *See Attached Letters of Support.* With being incarcerated for over ten years as well as a strong support system and release plan that moves Jones to a new environment than where he was before, Jones has the opportunity and second chance to make things right and be the model citizen.

### III.  Conclusion

Based on the foregoing, Jones respectfully prays that the Court grant his motion under 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

<u>/s/ Jeremy Gordon</u>
Jeremy Gordon
315 S. Bois D'Arc St.
Forney, Texas 75126
Tel: 972-564-4644
Fax: 866-209-9785
Email: Jeremy@guestandgray.com
TX Bar No. 24049810

*Counsel pro hac vice for Jones*

<u>/s/ Joshua Erlich</u>
Joshua Erlich
1550 Wilson Blvd., Ste. 700
Arlington, VA 22209
Tel: 703-791-9087
Fax: 703-722-8114
Email: jerlich@erlichlawoffice.com

*Local Counsel for Jones*

## <u>Certificate of Service</u>

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 12th day of May 2025.


<u>/s/ Joshua Erlich</u>